UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

Angel Rodriguez
and other similarly situated individuals,

      Plaintiff(s),

v.

Ramco Protective of Orlando, Inc.,
d/b/a Ramco Protective,
Sam Negri and Corey Negri,
individually,

      Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Angel Rodriguez, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Ramco Protective of Orlando, Inc., d/b/a Ramco Protective, Sam Negri, and Corey Negri, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Angel Rodriguez is a resident of Lee County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Ramco Protective of Orlando, Inc., d/b/a Ramco Protective (from now on Ramco Protective, or Defendant) is a Florida corporation, having a place of business in Lee County, Florida, where Plaintiff worked for Defendant.

4. The individual Defendants Sam Negri and Corey Negri were and are now the owners/partners/officers and Managers of Defendant Corporation Ramco Protective. These individual Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this complaint took place in Lee County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff Angel Rodriguez as a collective action to recover from the Defendants overtime compensation, retaliatory liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who

worked more than forty (40) hours during one or more weeks on or after September 2020, (the "material time") without being adequately compensated.

7. Defendant Ramco Protective is a provider of security and surveillance equipment and services. Defendants' business is located at 718 Northlake Blvd. Suite 102, Altamonte Spring.   Defendant also has a showroom/warehouse located at 8961 Quality RD, Bonita Springs, FL 34135, in Lee County, where Plaintiff worked.

8. Defendants Ramco Protective, Sam Negri, and Corey Negri employed Plaintiff Angel Rodriguez as a non-exempted, full-time employee from approximately August 01, 2019, to July 30, 2021, or 104 weeks.  Plaintiff does not know exactly his hiring date, but he will amend it later.

9. Plaintiff had duties as welder and installer of security gates and other security equipment for residential and commercial accounts.

10. Plaintiff worked under the supervision of Sam Negri and Corey Negri.

11. While employed by Defendants, Plaintiff had a regular schedule. He worked 6 days per week from Monday to Friday, from 8:00 AM to 4:00 PM (8 hours each day).  Plaintiff also worked either Saturday or Sunday 8 more hours.  Thus, Plaintiff worked 6 days per week, a minimum of 48 hours weekly. Plaintiff was unable to take bonafide lunch breaks.

12. Plaintiff was paid weekly $1,200.00 in check plus $400.00 in cash, for a total of $1,600.00 per week.

13. Plaintiff worked more than 40 hours per week, but he was not paid for overtime hours.

14. Plaintiff did not clock in and out, but he worked with the business owners, and they could track the hours worked by Plaintiff and other similarly situated individuals.

15. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

16. Plaintiff disagreed with the lack of payment for overtime hours, and on or about July 23, 2021, he complained verbally to the owner of the business, Sam Negri.

17. As a result of Plaintiff's complaint, on or about July 30, 2021, Defendant Sam Negri fired Plaintiff.

18. Plaintiff ANGEL RODRIGUEZ seeks to recover regular unpaid overtime wages for every hour worked over 40 during his entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

19. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

20. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

21. This action is intended to include every janitorial and maintenance employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**<u>COUNT I:</u>**
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
**<u>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u>**

22. Plaintiff Angel Rodriguez re-adopts every factual allegation stated in paragraphs 1-21 above as if set out in full herein.

23. Defendant Ramco Protective was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant manufacture and install security gate and security equipment. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from

non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

24. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a welder and security equipment installer, and he manufactured security gates. In addition, Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

25. Defendants Ramco Protective, Sam Negri, and Corey Negri employed Plaintiff Angel Rodriguez as a non-exempted, full-time employee from approximately August 01, 2019, to July 30, 2021, or 104 weeks.

26. Plaintiff had duties as welder and installer of security gates and other security equipment for residential and commercial accounts.

27. Plaintiff worked under the supervision of the owners of the business Sam Negri and Corey Negri.

28. While employed by Defendants, Plaintiff had a regular schedule. He worked 6 days per week, a total of 48 hours. Plaintiff was unable to take bonafide lunch breaks.

29. Plaintiff was paid weekly $1,200.00 in check plus $400.00 in cash, for a total of $1,600.00 per week.

30. Plaintiff worked more than 40 hours per week, but he was not paid for overtime hours, as required by law.

31. Plaintiff did not clock in and out, but he worked with the business owners, and they could track the hours worked by Plaintiff and other similarly situated individuals.

32. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

33. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

34. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

35. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

36. Plaintiff is not in possession of time and payment records, but he will provide a reasonable faith estimate based on his recollections and the best of his knowledge. After discovery, Plaintiff will amend his statement of claim accordingly.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

        Fourteen Thousand One Hundred Forty-Four Dollars and 00/100 ($14,144.00)

    b. <u>Calculation of such wages</u>:

        Total period of employment: 104 weeks
        Relevant weeks of employment: 104 weeks
        Total hours worked: 48 hours weekly
        Total unpaid O/T hours: 8 overtime hours weekly
        Paid: $1,600.00 weekly: 48 hours=$34.00 an hour
        Regular rate: $34.00 x 1.5=$51.00 O/T rate
        O/T rate $51.00-$34.00 rate paid=$17.00 half-time difference
        Unpaid half-time: $17.00 for every O/T hour

        $17.00 x 8 O/T hours=$136.00 weekly x 104 weeks=$14,144.00

c.   <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime wages.

37. At all times material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

38. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

39. At times mentioned, individual Defendants Sam Negri and Corey Negri were, and are now, the owners/partners/managers of Ramco Protective. Defendant Sam Negri and Corey Negri were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These individual Defendants acted directly in Ramco Protective's interests concerning its employees, including

Plaintiff and others similarly situated.  Defendants Sam Negri and Corey Negri had financial and operational control of the business, determined Plaintiff's terms and conditions of employment. Accordingly, they are jointly and severally liable for Plaintiff's damages.

40. Defendants Ramco Protective, Sam Negri, and Corey Negri willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

41. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Angel Rodriguez and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Angel Rodriguez and other similarly situated individuals and against the Defendants Ramco Protective, Sam Negri, and Corey Negri based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Angel Rodriguez actual damages in the amount shown

to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Angel Rodriguez demands trial by a jury of all issues triable as of right by a jury.

## **COUNT II:**
## **FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3)**

42. Plaintiff Angel Rodriguez re-adopts every factual allegation stated in paragraphs 1-21 of this complaint as if set out in full herein.

43. Defendant Ramco Protective was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant manufacture and install security gate and security equipment. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from

non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

44. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a welder and security equipment installer. Plaintiff manufactured security gates. In addition, Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

45. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

46. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

47. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be

instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

48. Defendants Ramco Protective, Sam Negri, and Corey Negri employed Plaintiff Angel Rodriguez as a non-exempted, full-time employee from approximately August 01, 2019, to July 30, 2021, or 104 weeks.

49. Plaintiff had duties as welder and installer of security gates and other security equipment for residential and commercial accounts.

50. Plaintiff worked under the supervision of Sam Negri and Corey Negri.

51. While employed by Defendants, Plaintiff had a regular schedule. He worked 6 days per week, a total of 48 hours.

52. Plaintiff was paid weekly $1,200.00 in check plus $400.00 in cash, for a total of $1,600.00 per week.

53. Plaintiff worked more than 40 hours per week, but he was not paid for overtime hours, as required by law.

54. Plaintiff did not clock in and out, but he worked with the business owners, and they could track the hours worked by Plaintiff and other similarly situated individuals.

55. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked

over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

56. Plaintiff was disappointed about his wages and working conditions, and or about July 23, 2021, Plaintiff complained verbally to the owner of the business Sam Negri. Plaintiff complained about the lack of payment for overtime hours.

57. This complaint constituted protected activity under the FLSA.

58. Defendant Sam Negri stated that Ramco Protective does not pay for overtime hours.

59. As a direct result of Plaintiff's complaints, on or about July 30, 2021, Defendant Sam Negri fired Plaintiff.

60. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

61. There is close proximity between Plaintiff's protected activity and his termination.

62. The motivating factor which caused Plaintiff's discharge as described above was his complaint seeking unpaid overtime wages from Defendants.  In other words, Plaintiff would not have been discharged but for his complaints about unpaid overtime wages.

63. The Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

64. At times mentioned, individual Defendants Sam Negri and Corey Negri were and are now the owners/partners/managers of Ramco Protective. Defendant Sam Negri and Corey Negri were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These individual Defendants acted directly in Ramco Protective's interests concerning its employees, including Plaintiff and others similarly situated.  Defendants Sam Negri and Corey Negri had financial and operational control of the business, determined Plaintiff's terms and conditions of employment. Accordingly, they are jointly and severally liable for Plaintiff's damages.

65. Plaintiff Angel Rodriguez has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Angel Rodriguez respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Ramco Protective, Sam Negri, and Corey Negri that Plaintiff Angel Rodriguez recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants Ramco Protective, Sam Negri, and Corey Negri to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Angel Rodriguez further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Angel Rodriguez demands trial by a jury of all issues triable as of

right by a jury.

Dated:  August 18, 2021

Respectfully submitted,

By: **_/s/ Zandro E. Palma_____**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:      (305) 446-1500
Facsimile:       (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*